988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Teresita B. ALCANTARA, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70286.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Petition for Review of an Order of the Board of Immigration Appeals, INS No. Avn-kmg-zxt.
 BIA
 PETITION DENIED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Teresita B. Alcantara, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from the immigration judge's ("IJ") decision denying her application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 * Background
 
 
 4
 Alcantara entered the United States as a nonimmigrant visitor on May 5, 1988 and was authorized to remain until November 4, 1988. Alcantara failed to depart. On September 6, 1989, the Immigration and Naturalization Service ("INS") issued Alcantara an order to show cause ("OSC") why she should not be deported for overstaying the period of her visa, in violation of section 241(a) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1251(a)(1)(C). At her deportation hearing, held January 29, 1990, Alcantara, represented by counsel, admitted the allegations of deportability, but refused to designate a country of deportation because she planned to seek asylum and voluntary departure. The IJ designated the Philippines as the country of deportation, ordered Alcantara's asylum application due within 30 days, and continued Alcantara's case until June 22, 1990.
 
 
 5
 Alcantara submitted her application for asylum[1], which was accompanied by a personal declaration. On November 14, 1990, following a hearing at which Alcantara testified, the IJ rendered an oral decision denying Alcantara's request for asylum and withholding of deportation but granting Alcantara's request for voluntary departure.
 
 
 6
 Alcantara filed a timely notice of appeal to the BIA, which affirmed the IJ's decision and dismissed Alcantara's appeal. Alcantara filed a timely petition to this court.
 
 II
 Standard of Review
 
 7
 Our review is limited to the BIA's decision. Rodriquez-Rivera v. U.S. Dep't of Immigration and Naturalization, 848 F.2d 998, 1001 (9th Cir.1988). In evaluating the petitioner's claims, we must uphold the BIA's factual determinations if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4). Under the substantial evidence test, "the BIA's conclusion, based on the evidence presented, [must] be substantially reasonable." De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990) (quotations omitted).[2] "To reverse the BIA finding we must find that the evidence not only supports that conclusion, but compels it." INS v. Elias-Zacarias, 112 S.Ct. 812, 815 n. 1 (1992). See also Berroteran-Melendez v. INS, 955 F.2d 1251, 1253 (9th Cir.1992) ("Court [may not] reverse the BIA solely because the Court disagrees with the BIA's evaluation of the facts").
 
 III
 Merits
 
 8
 Alcantara contends the BIA abused its discretion by affirming the IJ's decision because: (1) she proved that she had a well-founded fear of persecution, and (2) the IJ had abused his discretion by misapplying the facts of her case. These contentions lack merit.
 
 
 9
 Section 208(a) of the Act authorizes the Attorney General, in his discretion, to grant asylum to an alien who is a "refugee." As defined in the Act, a refugee is an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). See INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).[3] Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (quotations omitted). If the persecution is not motivated by one of the five statutory grounds, then the alien is ineligible for asylum or withholding even if the threat of persecution is credited. See Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1985).
 
 
 10
 An alien may, alternatively, be entitled to withholding of deportation pursuant to 8 U.S.C. § 1253(h) if the alien can establish a "clear probability of persecution" based on race, religion, nationality, membership in a particular social group, or political opinion. Blanco-Lopez v. INS, 858 F.2d 531, 533 (9th Cir.1988). To meet this burden, the alien must show that it is more likely than not that he or she will be persecuted if deported back to his or her native country. Id. The "well-founded fear" standard applicable to asylum claims is more generous than the "clear probability" standard applicable to withholding of deportation. Cardoza-Fonseca, 480 U.S. at 421. Accordingly, a petitioner who fails to demonstrate a "well-founded fear of persecution" required for asylum under section 1158(a) also fails to meet the more stringent standard of a "clear probability of persecution" required for withholding of deportation. De Valle, 901 F.2d at 790.
 
 
 11
 We agree that Alcantara has failed to establish statutory eligibility for asylum. Alcantara's request for asylum is based on her claim that she has a well-founded fear of being persecuted by her husband. During the asylum hearing, Alcantara testified that her husband arranged to have members of the National People's Army ("NPA") kidnap her in 1969 and that he thereafter raped her and forced her to marry him in a ceremony in which she was surrounded by NPA members. Alcantara testified that her husband kept her isolated from 1969 until her arrival in the United States in May 1988.[4] Alcantara testified that her husband has connections with elected political figures in the Philippines and with NPA members and has threatened to kill her if she returns to the Philippines.[5]
 
 
 12
 There is substantial evidence in the record to support the BIA's conclusion that Alcantara's problems with her husband, which include threats of physical harm, are personal and do not amount to persecution on account of one of the five grounds enumerated in 8 U.S.C. § 1101(a). See Zayas-Marini v. INS, 785 F.2d 801, 806 (9th Cir.1986). As the BIA noted, while Alcantara has alleged that her husband is connected with the NPA, she failed to provide testimony or evidence indicating that any action by NPA members on behalf of her husband was motivated by anything other than personal reasons.
 
 
 13
 We conclude, in light of the entire record, that substantial evidence supports the BIA's determination that Alcantara has not shown a well-founded fear of persecution in the Philippines on account of her race, religion, nationality, membership in a particular social group, or political opinion. See id.; Diaz-Escobar, 782 F.2d at 1494.
 
 
 14
 Moreover, the BIA and the IJ questioned the credibility of Alcantara's testimony because of the inconsistency between her application for asylum and the testimony she offered at the asylum hearing. The BIA noted that Alcantara's application for asylum (Form I-589) filed on February 26, 1990 did not mention her fear of or threats by her husband. Rather, the application focused solely on the NPA's "increasing infiltration in Bataar" and her fear of being persecuted because of her belief that people should adhere to democratic principles. By contrast, at the asylum hearing on November 14, 1990, Alcantara relied heavily on her fear of her husband as the basis for her well-founded fear of persecution. See Rodriquez-Rivera, 848 F.2d at 1006 (alien's failure to include information in the asylum application is more probative where the IJ or BIA makes a statement regarding the alien's credibility).
 
 
 15
 In his oral decision, the IJ stated that he was "willing to accept minor discrepancies and omissions" but found "critical incidents [were] omitted from the application, events which, if true, any reasonable person would consider important in terms of the subjective fear of persecution. Then, of course, the aura of fabrication is overwhelming." The "IJ's credibility findings are given substantial deference by the reviewing court, [but] must be supported by a 'specific, cogent reason' for the disbelief." Berroteran-Melendez, 955 F.2d at 1256 (citing Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987)). See also Diaz-Escobar, 782 F.2d at 1492 (deference is given to the IJ's "express and implied determination concerning credibility where the record supports [the] finding.").
 
 
 16
 Alcantara has offered no reason for the omission. See Berroteran-Melendez, 955 F.2d at 1256-57. Alcantara contends that the adverse credibility findings of the IJ and BIA were based on factual errors resulting from the IJ's failure to understand Alcantara's testimony.[6] Even if Alcantara's testimony is deemed credible, however, her claims do not establish a well-founded fear of persecution on account of one of the five enumerated categories. See Diaz-Escobar, 782 F.2d at 1494.
 
 
 17
 Because Alcantara failed to establish the asylum requirement of a "well-founded fear of persecution," she also has failed to meet the higher standard of "clear probability of persecution" required for withholding deportation. See Berroteran-Melendez, 955 F.2d at 1258.
 
 
 18
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The application served as an application for asylum under section 208 of the Act, 8 U.S.C. § 1158, and for withholding of deportation under section 243 of the Act, 8 U.S.C. § 1253(h)
 
 
 [2]
 The substantial evidence test applies to the BIA's factual determination that an alien has failed to prove a well-founded fear of persecution, Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986), as well as to the BIA's decision to grant or deny the request for withholding of deportation. Diaz-Escobar v. INS, 782 F.2d 1488, 1491-92 (9th Cir.1986)
 
 
 [3]
 To establish eligibility for asylum based on a well-founded fear of persecution, an alien must demonstrate both a subjective and an objective fear. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible, and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriquez-Rivera, 848 F.2d at 1002 (quotation and emphasis omitted). Past persecution alone, independent of a well-founded fear of future persecution, is enough to establish an asylum claim. Desir v. Ichert, 840 F.2d 723, 729 (9th Cir.1988). The burden is on the alien to establish eligibility for asylum. Estrada-Posadas, 924 F.2d at 918
 
 
 [4]
 Alcantara testified that she has three daughters from the marriage. Although her daughters accompanied her to the United States in May 1988, Alcantara testified that she sent them back to the Philippines in June 1988 because her husband had threatened to kill her family members if she did not
 
 
 [5]
 Alcantara contends that the treatment and threats by her husband "may appear to be only his criminal behavior, but he uses the NPA, which is a terrorist organization that the Government has been unable to control, to carry out his threats."
 
 
 [6]
 Alcantara contends that she "obviously falls into a particular social group where she has been and is intimidated, persecuted, and controlled by the NPA through her husband." The IJ acknowledged Alcantara's "serious domestic problems" but was "convinced that [Alcantara's] problems in the Philippines are strictly personal and do not involve any of the five factors for consideration."