990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jaroslaw M. GRZEDA, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70121.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided March 30, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jaroslaw M. Grzeda, a native and citizen of Poland, petitions pro se for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of the immigration judge's (IJ) decision denying his applications for asylum and withholding of deportation and finding him deportable as charged. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 We review for abuse of discretion the BIA's decision to grant or deny asylum. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). Factual findings underlying this decision, including whether the alien has proved a well-founded fear of persecution, are reviewed for substantial evidence. Abedini v. INS, 971 F.2d 188, 190 (9th Cir.1992). Under the substantial evidence standard, we must determine whether, based on the evidence presented, the BIA's conclusion was substantially reasonable. Berroteran-Melendez, 955 F.2d at 1255. We review de novo the BIA's determinations on questions of law. Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988).
 
 
 4
 Section 208(a) of the Refugee Act of 1980, 8 U.S.C. § 1158(a) (Act), authorizes the Attorney General, in his or her discretion, to grant asylum to an alien who is a "refugee." As defined in the Act, a refugee is an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 5
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted).
 
 
 6
 We agree that Grzeda has failed to establish statutory eligibility for asylum. Grzeda's request for asylum is based on his membership in the Independent Student Organization which allegedly was sympathetic toward the Solidarity organization, and on his fear that he will be associated with his parents who were actively involved in Solidarity. As the BIA noted, however, there is nothing in the record to indicate that Grzeda was or will be detained or harmed due to his political activities. Although Grzeda may have demonstrated a subjective fear of persecution, there is substantial evidence in the record to support the BIA's conclusion that he has failed to demonstrate that his fear is objectively reasonable. See Berroteran-Melendez, 955 F.2d at 1256. Accordingly, the BIA did not err by denying Grzeda asylum on that basis.
 
 
 7
 Moreover, because Grzeda failed to demonstrate a well-founded fear of persecution, he also failed to meet the higher standard of clear probability of persecution necessary for withholding of deportation. See id. at 1258.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3