990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Josef JAROSZENKO, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70549.
 United States Court of Appeals, Ninth Circuit.
 April 1, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Josef Jaroszenko, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision finding Jaroszenko deportable and denying Jaroszenko's requests for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 3
 * Administrative Notice
 
 
 4
 Jaroszenko contends the BIA erred by deciding his case based on political considerations rather than on an individual basis.[1] He refers to the BIA's taking of administrative notice of political changes that have occurred in Poland since 1989.
 
 
 5
 Effective September 10, 1989, the Solidarity organization formally entered into the coalition government that presently governs Poland. On December 9, 1990, Lech Walesa, former chairman of Solidarity, was elected president of Poland. Walesa was sworn into office on December 22, 1990.
 
 
 6
 The BIA is entitled to take administrative notice of Solidarity's participation in Poland's new coalition government and of Lech Walesa's election as president. Acewicz v. INS, No. 91-70257, slip op. 969, 977 (9th Cir. Feb. 4, 1993). Nevertheless, due process may require the BIA to provide the petitioner an opportunity to rebut the noticed facts. Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992). Due process does not, however, require the BIA to provide an opportunity to rebut facts that are "legislative, indisputable, and general." Id.
 
 
 7
 Here, Jaroszenko had ample opportunity to argue before the IJ and the BIA that his fear of persecution remained well-founded despite the change in government.[2] See Castillo-Villagra, 972 F.2d at 1029. Thus, he was not denied due process. See Acewicz, No. 91-70257, slip op. at 978. Accordingly, the BIA did not abuse its discretion by taking administrative notice of the changed conditions in Poland and of the effect of the changes on Jaroszenko's fear of persecution. See id.
 
 II
 Asylum/Withholding of Deportation
 
 8
 Section 208(a) of the Refugee Act of 1980 ("Act"), 8 U.S.C. § 1158(a), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." A refugee is defined in the Act as an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 9
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted). Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (quotations omitted).
 
 
 10
 Jaroszenko's request for asylum is based in part on his fear that, as a member of Solidarity, he will be persecuted if he returns to Poland. Nevertheless, substantial evidence supports the BIA's determination that Jaroszenko has failed to demonstrate a well-founded fear of persecution based on his membership in Solidarity. See Acewicz, No. 91-70257, slip op. at 974-78. We therefore agree with the BIA that Jaroszenko has failed to establish statutory eligibility for asylum on that basis.
 
 
 11
 Moreover, because Jaroszenko failed to demonstrate a well-founded fear of persecution, he also failed to meet the higher standard of clear probability of persecution. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992). Accordingly, the BIA did not err by denying Jaroszenko's request for withholding of deportation.
 
 III
 Return to Poland
 
 12
 Jaroszenko contends that the BIA improperly considered his return to Poland in 1987 when ruling on his asylum claim. This contention lacks merit.[3]
 
 
 13
 The BIA found that Jaroszenko's return to Poland during the time that the Communists still controlled the government undermined his persecution claim. Based on this and other evidence, the BIA found that Jaroszenko's testimony was not credible and that he had failed to establish a believable and coherent persecution claim. We find no impropriety in the BIA's consideration of Jaroszenko's visit to Poland. Accordingly, we will not overturn the BIA's decision on this basis.[4]
 
 
 14
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his brief, Jaroszenko consistently refers to alleged errors committed by the IJ. Our jurisdiction is limited, however, to review of the BIA's decision. See Acewicz v. INS, No. 91-70257, slip op. 969, 974 (9th Cir.1992). Nevertheless, to the extent the BIA addressed the arguments raised by Jaroszenko we will treat them as though they were directed at the BIA's decision
 
 
 [2]
 Jaroszenko testified that he had been detained and harassed by the Communist Party on several occasions during the 1980s and that his parents had been interrogated by the police
 
 
 [3]
 Jaroszenko also raises several other claims, including that he was denied his right to counsel and that the IJ improperly acted as a prosecutor at Jaroszenko's hearing. Because, however, these claims were not raised before the BIA, we lack jurisdiction to consider them in the first instance. See Acewicz, No. 91-70257, slip op. at 974 (we are precluded from considering claims of error allegedly committed by the IJ which were not raised in the petitioners' administrative appeal before the BIA)
 
 
 [4]
 Jaroszenko also appears to assert that the BIA deemed his asylum application abandoned because he returned to the country of claimed persecution. See 8 C.F.R. § 208.8 (applicant who leaves the United States shall be presumed to have abandoned his application if he returns to the county of claimed persecution unless he can show compelling reasons for his return). The opinion of the BIA, however, reveals that it considered Jaroszenko's visit only in relation to whether his claim of persecution was credible. There is no evidence in the record that the BIA deemed Jaroszenko's application to be abandoned because of his return to Poland