990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Floare COTUNA, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70345.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 2, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Floare Cotuna, a native and citizen of Romania, petitions for review of the Board of Immigration Appeals' (BIA) order affirming the immigration judge's (IJ) decision finding Cotuna deportable and denying Cotuna's applications for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 3
 * Standard of Review
 
 
 4
 We review the BIA's denial of asylum for abuse of discretion. Acewicz v. INS, No. 91-70257, slip op. 969, 978 (9th Cir. Feb. 4, 1993). We review de novo the BIA's determinations on questions of law. Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988). We review the BIA's factual findings under the substantial evidence standard. Id. Under this standard, we must determine whether, based on the record considered as a whole, the BIA's decision was supported by reasonable, substantial, and probative evidence. INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992). If an alien seeks reversal of the BIA's finding that she failed to establish that she had a well-founded fear of persecution, she must show that the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. Id. at 815 & n. 1. "An IJ's credibility findings are given substantial deference by the reviewing court, but must be supported by a specific, cogent reason for the disbelief." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992) (quotations omitted).
 
 II
 Asylum/Withholding of Deportation
 
 5
 Section 208(a) of the Refugee Act of 1980 ("Act"), 8 U.S.C. § 1158(a), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." A refugee is defined in the Act as an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 6
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted).
 
 
 7
 An alien is entitled to withholding of deportation pursuant to 8 U.S.C. § 1253(h) if he or she establishes a "clear probability of persecution." INS v. Stevic, 467 U.S. 407, 413 (1984); Blanco-Lopez v. INS, 858 F.2d 531, 533 (9th Cir.1988). The "clear probability" standard applicable to withholding of deportation is more stringent than the "well-founded fear" standard applicable to asylum claims. De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990). Accordingly, an alien who fails to meet the "well-founded fear" standard required for asylum also fails to meet the "clear probability" standard required for withholding of deportation. Berroteran-Melendez, 955 F.2d at 1258.
 
 
 8
 Here, Cotuna's request for asylum is based on her fear that if she returns to Romania, she will be persecuted on account of religion. Cotuna testified that she is a Baptist, her father is a Baptist minister, and she has been persecuted throughout her life for her religious beliefs. She testified that she was detained by the government in 1985 and that she lost her job as a teacher due to religious persecution.
 
 
 9
 The IJ found that Cotuna lacked credibility, and the BIA upheld this finding. The IJ pointed out numerous inconsistencies and partial truths in Cotuna's testimony. For example, although Cotuna claimed she lost her job due to religious persecution, she apparently left her job because she got married and her husband lived in a distant city. Although she testified she had difficulty at her job due to her religion, she worked for the same company for 13 years, and accumulated enough vacation time to take a trip to the United States. Further, she was arrested and detained in 1985 because she and her husband were accused of theft. The IJ also found that the fact that she applied for asylum three days after entering this country undermined her claim that she came here for a three-month vacation. In addition, the IJ based his adverse credibility determination on Cotuna's demeanor.
 
 
 10
 Upon reviewing the record, we are satisfied that the IJ's adverse credibility determination is well-supported and we will not disturb it. See Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1395 (9th Cir.1985) (IJ is in unique position to evaluate credibility and court of appeals should be reluctant to overturn IJ's credibility determination). Further, substantial evidence supports the BIA's determination that Cotuna has failed to demonstrate a well-founded fear of persecution based on religion. See Acewicz, No. 91-70257, slip op. at 978-79. We therefore agree with the BIA that Cotuna has failed to establish statutory eligibility for asylum.
 
 
 11
 Moreover, because Cotuna has failed to demonstrate a well-founded fear of persecution, she has therefore also failed to meet the higher standard of clear probability of persecution. See Berroteran-Melendez, 955 F.2d at 1258. Accordingly, the BIA did not err by denying Cotuna's request for withholding of deportation.[1]
 
 
 12
 Cotuna contends that the BIA erred by taking administrative notice of the changes in Romania's government. In its decision, the BIA considered the evidence in the record and found that Cotuna had failed to carry her burden of establishing a well-founded fear of persecution. As an alternative ground for its decision, the BIA took administrative notice of the changes in Romania's government and determined that, because the new government guaranteed religious freedom, Cotuna would not face persecution upon her return to Romania. We have held that the BIA has discretion to take administrative notice of such changes, to provide petitioners with warning of its intent to do so, and to provide petitioners with an opportunity to rebut the noticed facts. See Acewicz, No. 91-70257, slip op. at 975; Castillo-Villagra v. INS, 972 F.2d 1017, 1028 (9th Cir.1992). Here, however, substantial evidence supports the BIA's decision regardless of its taking of administrative notice. Cf. Castillo-Villagra, 972 F.2d at 1023, 1029 (where the BIA "gave no reasons for its decision except for the facts of which it took administrative notice," reversal was required to allow petitioners an opportunity to rebut). Accordingly, we need not reach the issue of whether the BIA abused its discretion by taking administrative notice without providing Cotuna warning and an opportunity for rebuttal.
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Both the IJ's and the BIA's decisions reflect that Cotuna's applications were considered on their individual merit. See Sarvia-Quintanilla, 767 F.2d at 1392. Accordingly, we reject Cotuna's claim that the BIA's decision was "boilerplate."