56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Eliseo SEVILLA-RIVERA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70414.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Aam-kst-lwo.
 BIA
 PETITION DENIED.
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eliseo Sevilla-Rivera petitions for review from the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision finding him deportable and denying his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 This court reviews the BIA's denial of asylum under section 208(a) of the Immigration and Nationality Act ("Act") for an abuse of discretion. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir. 1992). The BIA's factual findings, including credibility findings as to whether an alien had a well-founded fear of persecution, are reviewed for substantial evidence. Id. We will reverse the BIA's decision only if the alien's evidence was such that no reasonable factfinder could fail to conclude that the requisite fear of persecution existed. Abedini v. INS, 971 F.2d 188, 191 (9th Cir. 1992).
 
 
 4
 Section 208(a) of the Act authorizes the Attorney General, in his or her discretion, to grant asylum to an alien who is a "refugee." 8 U.S.C. Sec. 1158(a). A "refugee" is an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of ... political opinion." 8 U.S.C. Sec. 1101(a)(42)(A).
 
 
 5
 The alien bears the burden of establishing eligibility for asylum. See 8 C.F.R. Sec. 208.13(a) (1990); Berroteran-Melendez, 955 F.2d at 1255. To establish a well-founded fear of persecution, the alien must show both a subjectively genuine and objectively reasonable fear. Berroteran-Melendez, 955 F.2d at 1256 (citations omitted). The alien's "candid, credible, and sincere testimony" showing a genuine fear of persecution satisfies the subjective component. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir. 1987) (quotations omitted). The objective component requires "credible, direct, and specific evidence in the record, of facts that would support a reasonable fear" that the alien faces persecution. Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir. 1988) (per curium) (quotations and emphasis omitted). Where corroborating evidence is unavailable, an alien's testimony alone will suffice to prove a well-founded fear if it is "credible, persuasive, and specific." Limsico v. INS, 951 F.2d 210, 212 (9th Cir. 1991).
 
 
 6
 Sevilla-Rivera contends that the BIA erred by finding that he failed to establish a well-founded fear of persecution. This contention lacks merit.
 
 
 7
 Sevilla-Rivera testified that he is a member of the KBL which was former President Marcos' party, that he was the campaign manager for his godfather, who was murdered, and that he received death threats from the New People's Army ("NPA"). Sevilla-Rivera also testified that his sister, who was associated with Imelda Marcos, was shot six times in an assassination attempt. On cross examination, Sevilla-Rivera testified that after he left the Philippines he learned from his sister that he was wanted by the Philippine government for murder and theft of minerals.[1]
 
 
 8
 The BIA concluded after a de novo review of the record that Sevilla-Rivera testimony was insufficient to establish that he has a well-founded fear of persecution. The BIA noted that from the evidence it appeared that Sevilla-Rivera's reluctance to return to the Philippines was not on account of his political persecution but because of other problems in the Philippines. The BIA found that Sevilla-Rivera's fears of persecution by the NPA on account of his connection with former president Marcos were speculative and without foundation and that the attack on his sister did not support Sevilla-Rivera's asylum claim because there was no showing of who was responsible for the attack or that it had anything to do with any of the grounds for asylum. Finally, the BIA noted that Sevilla-Rivera failed to rebut the Bureau of Human Rights and Humanitarian Affairs advisory opinion which states that "while the NPA may pose a threat in some parts of the Philippines to persons it may target, there are substantial areas in the county where persons concerned about their security may settle and live peacefully."
 
 
 9
 We deny the petition for review because the evidence presented by Sevilla-Rivera would not compel a reasonable factfinder to find the requisite fear of persecution. See Abedini, 971 F.2d at 191. Sevilla-Rivera failed to present evidence linking his godfather's death, the attack on his sister, or the threats against him to any of the grounds for asylum. In addition, it appears from the record that, even if Sevilla-Rivera is a target of the NPA, he can still live peacefully in the Philippines. Thus, substantial evidence supports the BIA's finding that Sevilla-Rivera failed to demonstrate the requisite fear of persecution. See id.
 
 
 10
 Because Sevilla-Rivera failed to demonstrate a well-founded fear of persecution, he also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir. 1993).
 
 
 11
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The INS submitted a criminal information dated October 10, 1988, charging Sevilla-Rivera, his wife, and his 16 year old daughter with the murder of Jose K. Villareal on June 6, 1986. The INS also submitted a warrant issued on April 10, 1989 for Sevilla-Rivera's arrest for the murder. Sevilla-Rivera provided no explanation and the INS did not question him regarding the murder charge
 The INS produced no documentation regarding the theft charge. Sevilla-Rivera, however, testified that he was contracted to build the runways at the new international airport in Manila, he obtained permission from a high government official to excavate soil for the runways from a military reservation, and that subsequently a private party claimed to own the military reservation land.