65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abel Edgard SANCHEZ-SIERRA; Elsa Elvira Campomanes-Francia,
Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70181.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 17, 1995.*
Decided Aug. 21, 1995.
 
 1
 Before: D.W. NELSON, T.G. NELSON, Circuit Judges, and KING**, District Judge.
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 Petitioners Abel Edgard Sanchez-Sierra and Elsa Elvira Campomanes-Francia ("the Sanchezes") petition for review of the refusal by the Board of Immigration Appeals ("BIA") to grant asylum pursuant to 8 U.S.C. Sec. 1101(a)(42)(A) and to grant withholding of deportation pursuant to 8 U.S.C. Sec. 1253(h). The Sanchezes argue that the BIA erred by finding that (1) the persecution was not based on a statutory ground; and (2) the alleged threat of persecution was not particular to them. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a. We affirm.
 
 I. ASYLUM
 
 4
 We review de novo the BIA's determination of purely legal questions regarding the requirements of the Immigration and Nationality Act. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). We review the factual findings underlying the BIA's decision for substantial evidence. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992); Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir.1988) (per curiam). Under this standard, the petitioner must show "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). Discretionary denials of asylum are reviewed for abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995); Berroteran-Melendez, 955 F.2d at 1255.
 
 
 5
 In order to qualify for asylum, the Sanchezes must demonstrate that they are "refugees" within the meaning of 8 U.S.C. Sec. 1101(a)(42)(A). 8 U.S.C. Sec. 1158(a). A refugee is defined as a person who is unable to return to his or her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42)(A). The Sanchezes must demonstrate both an objective and subjective fear of persecution. Berroteran-Melendez, 955 F.2d at 1256. The subjective component is satisfied by an applicant's "candid, credible, and sincere testimony" demonstrating a genuine fear of persecution. Id. (quoting Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987)). The objective component requires "credible, direct and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Id. (quoting Rodriguez-Rivera, 848 F.2d at 1002). A well-founded fear may exist even when there is only a one-in-ten possibility of persecution. Beltran-Zavala v. INS, 912 F.2d 1027, 1030 (9th Cir.1990).
 
 
 6
 To be eligible for asylum, the petitioner must establish that he or she was persecuted on account of one or more of the five statutory grounds. 8 U.S.C. Sec. 1101(a)(42)(A). The Sanchezes argue that they face persecution on the basis of their political opinions for failing to comply with the Shining Path's extortionate demands. Where the petitioner may not have overtly expressed his or her political opinion, we have held that "certain conscious and deliberate acts or decisions by an alien may establish a well-founded fear of persecution on account of imputed political opinion, but only when a persecutor attributes political beliefs to an alien as a result of these acts or decisions." Estrada Posadas v. INS, 924 F.2d 916, 919 (9th Cir.1991).
 
 
 7
 The Sanchezes have not shown the required nexus between the persecution--the destruction of their factory--and their alleged imputed political opinions. See Canas-Segovia, 970 F.2d at 601. Although we might infer that the Shining Path attributed a political opinion to the Sanchezes due to its involvement with the Peruvian military and refusal to contribute to their cause, the petitioners have presented no evidence to show that the Shining Path selects targets for extortion on the basis of such an imputed opinion and carries out threats of violence against those who demonstrate their disagreement by failing to comply with the demand. See Sanchez-Trujillo v. INS, 801 F.2d 1571, 1577 (9th Cir.1986) (holding that voluminous evidence "demonstrating that young males were at risk of political violence, did not compel the conclusion that young men as such were targeted for persecution"). Thus this case fails to meet the evidentiary burden we found to be satisfied in Desir v. Ilchert, 840 F.2d 723 (9th Cir.1988). In that case, the petitioner presented evidence of successive and specific threats on his life, based on imputed political opinion, in the context of systematic human rights abuses linked to extortion by the government security police. Id. He presented evidence that people who resisted police extortion were considered enemies of the government and persecuted on that basis. Id. at 727. Here, the petitioners have presented no evidence concerning the modus operandi of the Shining Path. They have not demonstrated that the Shining Path considers those who are affiliated with the government, or who refuse to support its cause on demand, "enemies" who are subject to persecution for that imputed political opinion. See Sanchez-Trujillo, 801 F.2d at 1577. Without such evidence of the Shining Path's practices, there is no basis for concluding that the Shining Path's conduct represented anything more than financial extortion. Because the Sanchezes did not present evidence to establish that they were persecuted or face future persecution "on account of" their political opinion, they are ineligible for relief. Elias Zacarias, 502 U.S. at 482.[1]
 
 II. WITHHOLDING OF DEPORTATION
 
 8
 We review the BIA's refusal to grant withholding of deportation for substantial evidence. Estrada-Posadas, 924 F.2d at 918. It is mandatory for the Attorney General to withhold deportation "if the Attorney General determines that such alien's life or freedom would be threatened ... on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1253(h). To be entitled to such relief, however, the petitioner must show a " 'clear probability' " that he or she will be persecuted upon return to his or her native country. Estrada-Posadas, 924 F.2d at 920 (quoting INS v. Stevic, 467 U.S. 407, 430 (1984)). Because the Sanchezes failed to demonstrate a well-founded fear of persecution required for asylum, they cannot meet this more stringent standard for withholding of deportation. Prasad, 47 F.3d at 340; De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990).
 
 CONCLUSION
 
 9
 For the reasons stated above, the PETITION is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We are troubled by the BIA's statement that the Sanchezes were not subject to a particularized threat, see e.g., Kotasz v. INS, 31 F.3d 847, 851-52 (9th Cir.1994), in light of its recognition of Mr. Sanchez's credible testimony that he received two threatening notes at his business, each addressed personally to him by the Shining Path. See e.g., Mendoza Perez v. INS, 902 F.2d 760, 762 (9th Cir.1990); Aguilera-Cota, 914 F.2d at 1379, Thus, the Sanchezes faced dangers that are "appreciably different from the dangers faced by [their] fellow citizens." Vides-Vides v. INS, 783 F.2d 1463, 1469 (9th Cir.1986)