Eric
**BLANCO–COMARRIBAS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 86–7467.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 1, 1987.

Decided Oct. 20, 1987.

Rosemary J. Esparza, El Centro, Cal., Charles C. Jackson, Chicago, Ill., for petitioner.

Mark C. Walters, Washington, D.C., for respondent.

Before HUG, BOOCHEVER and WIGGINS, Circuit Judges.

BOOCHEVER, Circuit Judge:

Eric Blanco-Comarribas petitions for review of a Board of Immigration Appeals (BIA) order denying his applications for withholding of deportation and asylum. He asserts that the evidence he presented meets both the clear probability and the well-founded fear of persecution standards under the Immigration and Nationality Act,

8 U.S.C. §§ 1158(a), 1253(h) (1982). We hold that Blanco-Comarribas failed to meet the clear probability standard but satisfied the more liberal well-founded fear of persecution standard.

## DISCUSSION

## WITHHOLDING OF DEPORTATION

Blanco-Comarribas contends that the BIA erred in refusing to grant a withholding of deportation under section 243(h) of the Immigration and Nationality Act. Section 243(h) of the Act prohibits the Attorney General from deporting any alien to a country that threatens the alien's life or freedom "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h). We will uphold the BIA's decision denying a withholding of deportation if that decision is supported by substantial evidence. *See Platero-Cortez v. INS,* 804 F.2d 1127, 1130 (9th Cir.1986); *Bolanos-Hernandez v. INS,* 767 F.2d 1277, 1282 n. 8 (9th Cir.1984).

■ To qualify for withholding of deportation, an alien must establish that "it is more likely than not that [he or she] *would be* subject to persecution on one of the specified grounds." *INS v. Stevic,* 467 U.S. 407, 429–30, 104 S.Ct. 2489, 2501, 81 L.Ed.2d 321 (1984) (emphasis added). Withholding is not required if the alien "might" or "could" be subject to persecution. A clear probability or likelihood of persecution must be demonstrated. *Id.* at 424, 104 S.Ct. at 2498, *Platero-Cortez,* 804 F.2d at 1130. The applicant must show that "(1) he or those similarly situated are at a greater risk than the general population and (2) that the threat to him is a serious one." 804 F.2d at 1130.

■ General evidence of widespread conditions of violence in the alien's country is not, by itself, sufficient. *Bolanos-Hernandez,* 767 F.2d at 1284. Nor is the mere assertion of a fear of possible persecution sufficient to meet the requisite standard of a clear probability of persecution. The alien's claim must be factually supported by specific or concrete evidence demonstrating that the alien is, more likely than not, subject to persecution as an individual. *Platero-Cortez,* 804 F.2d at 1130. The alien is required to establish eligibility by objective evidence. *INS v. Cardoza-Fonseca,* —— U.S. ——, 107 S.Ct. 1207, 1212, 94 L.Ed.2d 434 (1987). There is no subjective component in a section 243(h) determination. Objective evidence, however, does not mean that the alien must present corroborating evidence. As the court stated in *Bolanos-Hernandez,* "[p]ersecutors are hardly likely to provide their victims with affidavits attesting to their acts of persecution." 767 F.2d at 1285.

The record indicates that many of Blanco-Comarribas' aunts, uncles, and cousins have spoken out against the present government of Nicaragua and have been arrested and threatened with lengthy prison sentences or death. There is no evidence, however, that they received such punishment or that members of the family who did not speak out against the government were arrested merely because of their family relationship.

Blanco-Comarribas testified that he belonged to a religious group persecuted for demonstrating against the government. He provided newspaper reports of human rights violations by the government and of the government's attempts to remove or diminish the loyalty of the people to their priests and bishops. In fact, Blanco-Comarribas was arrested by the military authorities while demonstrating against the government, although he was released after three days detention.

Further, Blanco-Comarribas testified that his father was killed for opposing confiscation by the government of several houses and other properties. Yet Blanco-Comarribas failed to demonstrate that he or any immediate member of his family was subject to persecution in retaliation for the resistance of his father.

■ While the facts of this case are troubling, we find that the BIA's decision affirming the denial of a withholding of deportation is supported by substantial evidence. In short, there is a lack of specific or concrete evidence to indicate a clear

probability that Blanco-Comarribas would be singled out for persecution if he returned to Nicaragua. Whether these facts also support the denial of Blanco-Comarribas' asylum application presents a different question.

## ASYLUM APPLICATION

The decision by the Board of Immigration Appeals is a preliminary appraisal of an alien's refugee status and determines eligibility for asylum under section 208(a) of the Act. This section provides that an

> alien may be granted asylum in the discretion of the Attorney General if the Attorney General determines that such alien is a refugee within the meaning of section 1101(a)(42)(A) of this title.

8 U.S.C. § 1158(a). A refugee is defined as

> any person who is outside any country of such person's nationality ... and who is unable or unwilling to return to, and is unable to or unwilling to avail himself or herself of the protection of, that country because of persecution or a *well-founded fear of persecution* on account of race, religion, nationality, membership in a particular social group, or political opinion....

8 U.S.C. § 1101(a)(42)(A) (1982) (emphasis added). We review the BIA's decision "solely upon the administrative record upon which the deportation order is based and the Attorney General's findings of fact, if supported by reasonable, substantial, and probative evidence on the record considered as a whole [are] conclusive." 8 U.S.C. § 1105a(a)(4) (1982).

The Supreme Court recently held that the standards of proof that an alien must satisfy to obtain relief under sections 208(a) and 243(h) are not identical. *Cardoza-Fonseca*, 107 S.Ct. at 1222; *Stevic*, 467 U.S. at 423–24, 104 S.Ct. at 2497. The "persecution or well-founded fear of persecution" standard governs whether an alien is a "refugee" eligible for asylum under section 208(a). The reference to "fear" makes eligibility turn to some extent on the alien's subjective mental state. *Cardoza-Fonseca*, 107 S.Ct. at 1211–13, 1217. "[S]o long as an objective situation is established

by the evidence, it need not be shown that the situation will probably result in persecution, but it is enough that persecution is a reasonable possibility." *Id.* at 1217–18 (quoting *Stevic*, 467 U.S. at 424–25, 104 S.Ct. at 2498). Even a ten percent chance that the occurrence will take place can be enough to establish a well-founded fear. *See id.* at 1217.

In our circuit, the "well-founded fear" standard requires that "(1) the alien have a subjective fear, and (2) that this fear have enough of a basis that it can be considered well-founded." *Cardoza-Fonseca v. INS*, 767 F.2d 1448, 1453 (9th Cir. 1985), *aff'd*, —— U.S. ——, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Blanco-Comarribas must prove that his fear is *both* subjectively genuine and objectively reasonable." *Sanchez-Trujillo v. INS*, 801 F.2d 1571, 1579 (9th Cir.1986). In the instant case, the immigration judge stated: "I have observed [the respondent's] physical demeanor on the witness stand, and it appears to be candid, credible and sincere." Because "fear is a state of apprehension or anxiety not usually subject to rational measurement," *Guevara Flores v. INS*, 786 F.2d 1242, 1249 (5th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1565, 94 L.Ed.2d 757 (1987), Blanco-Comarribas satisfies the first prong of the test based on his "candid, credible and sincere" testimony demonstrating a genuine fear of persecution.

The second prong necessarily requires an objective analysis. To be a "well-founded fear," there must be some basis for it in the reality of the circumstances. Mere irrational apprehension is not enough. *See id.* at 1249. In other words, there must be a valid reason for the fear. *See Bolanos-Hernandez*, 767 F.2d at 1283. The applicant bears the burden of presenting specific facts with objective evidence proving either past or future persecution. Producing documentary evidence of past persecution or of the threat of future persecution will usually satisfy the objective evidentiary requirement. "[I]f documentary evidence is not available, the applicant's testimony will suffice if it is credible, persuasive, and refers to '*specific* facts that

give rise to an inference that the applicant has been or has a good reason to fear that he or she will be singled out for persecution on one of the specified grounds' listed in section 208(a)." *Cardoza-Fonseca,* 767 F.2d at 1453 (quoting *Carvajal-Munoz v. INS,* 743 F.2d 562, 574 (7th Cir.1984) (emphasis in original)).

The immigration judge and the BIA found that Blanco-Comarribas failed to establish a well-founded fear of persecution under section 208 of the Act. Our review of the facts refute this finding.

■■■■ We have briefly set forth the evidence in our discussion of the requirements for a clear probability of persecution. Those facts, however, take on a different connotation under the more liberal standard applied to eligibility for asylum consideration. Blanco-Comarribas testified that his father opposed confiscation of three houses and three other properties in Nicaragua. After being taken into custody, the father was not heard from again. Blanco-Comarribas' brother was later informed that his father had been "eliminated" as an impediment to the revolution. Many of Blanco-Comarribas' aunts, uncles, and cousins have spoken out against the present government of Nicaragua and have been arrested and threatened with lengthy prison sentences or death. Further, Blanco-Comarribas' membership in the Nicaraguan Christian Youth, a Catholic group persecuted for demonstrating against the government in public, presents additional objective evidence that entitles him to asylum consideration. In August 1982 Blanco-Comarribas was arrested by military authorities while demonstrating and was charged with disturbing the peace, demonstrating against the government, and being a "practical traitor" to the country. He was detained for three days and released only after a member of the clergy intervened on his behalf. Blanco-Comarribas provided newspaper accounts of human rights violations committed by the Sandinista authorities and of the government's attempts to remove or diminish the loyalty of the people to their priests and bishops.

The reasons that Blanco-Comarribas enumerated as the basis for his fear of persecution substantiate the finding that his fear is based in reality. These facts, coupled with his subjective fear of persecution, meet the well-founded fear of persecution standard of section 208(a).

The INS points to a discrepancy found in Blanco-Comarribas' testimony and his asylum application as to the date that his father was killed. Discrepancies such as this one do not demonstrate lack of credibility when the overall testimony has not contradicted the asylum application. *See Zavala-Bonilla v. INS,* 730 F.2d 562, 566 (9th Cir.1984). Because the judge found the witness credible, minor discrepancies should not undermine the evidence presented.

Finally, the immigration judge concluded that "there is no indication that the Nicaraguan government is presently interested in respondent, nor is there any legal basis for his believing that he would be persecuted upon his return there under any of the grounds enumerated in the asylum statute." If an alien establishes eligibility for relief under section 208(a), "[n]o further showing that he or she 'would be' persecuted is required." *Cardoza-Fonseca,* 107 S.Ct. at 1218. We find, based on the record in this case, that Blanco-Comarribas should have been granted refugee status. Thus, we remand Blanco-Comarribas' asylum claim to the Attorney General so that he may exercise his discretion under section 208(a) of the Act. Costs are awarded to the petitioner.

AFFIRMED in part, REVERSED in part, and REMANDED.

WIGGINS, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that Blanco-Comarribas is not entitled to withholding of deportation. I dissent from that part of the majority opinion finding Blanco-Comarribas had a well-founded fear of persecution. Were I reviewing the evidence de novo, I might well agree. But we "must apply a deferential standard of substantial evidence to the BIA's conclusions based

upon the evidence in the record. Consequently, 'we may not reverse the BIA simply because we disagree with its evaluation of the facts, but only if we conclude that the BIA's evaluation is not supported by substantial evidence.'" *Sanchez-Trujillo v. INS,* 801 F.2d 1571, 1579 (9th Cir.1986) (quoting *Diaz-Escobar v. INS,* 782 F.2d 1488, 1493 (9th Cir.1986)). Substantial evidence supports the BIA's conclusion that Blanco-Comarribas failed to show a reasonable possibility "that potential persecution would be directed at him as an individual, and that it would be politically motivated." *Rebollo-Jovel v. INS,* 794 F.2d 441, 448 (9th Cir.1986) (citations omitted).

Blanco-Comarribas points to his father's probable death at the hands of the Government as a specific reason for his fear of persecution. Blanco-Comarribas had no hostile contact with the government in the year and one-half following his father's arrest, aside from his own arrest as a demonstrator, an event unrelated to his father's death. The immigration judge found no evidence that Blanco-Comarribas himself, or any member of his immediate family, was singled out for retaliation because of his father's political stand. Blanco-Comarribas also testified that his arrest for participating in a Nicaraguan Christian Youth demonstration was a basis for a reasonable fear of persecution. The immigration judge found that neither Blanco-Comarribas' arrest nor his affiliation with the youth group provided an objective basis for his fear of persecution on his return to Nicaragua. He was released after only three days and no further proceedings were instituted against him. He continued to demonstrate with the group and failed to show he was singled out for specific persecution. Finally, while Blanco-Comarribas fears returning to Nicaragua in part because of the possibility of military recruitment, the threat of compulsory military service is not persecution. *Kaveh-Haghigy v. INS,* 783 F.2d 1321, 1323 (9th Cir.1986).

In light of the paucity of evidence that Blanco-Comarribas was singled out for retaliation because of his father's views or as a member of the youth group, I would find the BIA had substantial evidence to support its conclusion that Blanco-Comarribas lacked a reasonable fear of persecution. I would therefore deny the petition for review of the BIA's decision.