21 F.3d 421
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Miguel Ernesto BENAVIDES, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-1881.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 18, 1994.
Decided April 15, 1994.
 
 On Petition for Review of an Order of the Board of Immigration appeals. (A28402139)
 Robert W. Minor, Jacobus, PA, for petitioner.
 Frank W. Hunger, Asst. Atty. Gen., Mark C. Walters, Joseph F. Ciolino, U.S. Dept. of Justice, Washington, D.C., for respondent.
 B.I.A.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Miguel Ernesto Benavides ("Benavides") appeals from a decision of the Board of Immigration Appeals ("BIA"), which affirms the Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction to review final orders entered by the BIA. See 8 U.S.C.A.Sec. 1105a (West 1970 & Supp.1993). Because the record discloses that substantial evidence supports the BIA's decision, we affirm.*
 
 I.
 
 2
 The INS charged Benavides, a native of Peru, with having entered the United States without inspection. See 8 U.S.C.A. Sec. 1251(a)(1)(B) (West Supp.1993). After conceding deportability, Benavides applied for asylum, withholding of deportation, and alternatively, voluntary departure based on his fear of harm or death at the hands of two Peruvian guerrilla groups, known as the "Shining Path" and "Tupac Amaru."
 
 
 3
 In Peru, Benavides worked as a subcontractor who finishes nearly completed office buildings and homes. Two persons approached Benavides about supporting their organization. Benavides met the two while in college and believed that they were members of the Shining Path. He refused to assist the Shining Path with his carpentry skills. He then received threatening telephone calls and an anonymous note he believes was sent by the Tupac Amaru demanding that he assist the Shining Path. He claims that he reported these incidents to the police on two occasions and was told they were unable to protect him. After he reported the threatening calls and letter, his car was blown up. Benavides maintains that he went into hiding and in the meantime two other contractors who had refused to assist the Shining Path were killed by bombs placed in their homes by the group. He fled Peru after these two incidents.
 
 
 4
 The IJ denied Benavides' application for asylum and withholding of deportation based on an adverse credibility finding and granted Benavides a limited period of voluntary departure. The IJ found that even if Benavides were credible he lacked a well-founded fear of persecution and was not threatened in his home country on account of his political views. On appeal, the BIA accepted the IJ's order and stated that "[t]here is no convincing evidence that the insurgents were motivated to punish [Benavides] because of his political views." (A.R. at 5). The BIA dismissed Benavides' appeal.
 
 II.
 
 5
 In this appeal, Benavides makes three arguments. First, Benavides challenges the IJ's determination upheld by the BIA that he was not credible. Second, he asserts that the IJ and the BIA used the wrong standard of proof in asylum cases. Finally, he claims that the IJ's behavior and actions denied his due process right to a fair hearing. We reject these contentions.
 
 A. Credibility determination
 
 6
 The BIA adopted the IJ's findings that Benavides' testimony was not credible. We review the credibility findings of the IJ and the BIA for substantial evidence. Figeroa v. United States INS, 886 F.2d 76, 78 (4th Cir.1989) (citing Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987)). Substantial evidence is evidence that a reasonable person might accept as adequate to support a conclusion. Turcios, 821 F.2d at 1398. A reviewing court gives credibility determinations substantial deference provided they are supported by "specific, cogent reason[s]" for the disbelief. Figeroa, 886 F.2d at 78 (quoting Turcios, 821 F.2d at 1399).
 
 
 7
 The IJ and the BIA supported their credibility determinations with specific, cogent reasons. For example, the record discloses that Benavides' affidavit referred to the Tupac Amaru as an urban chapter of the Shining Path. He testified that the two groups work together at times even though they espouse different ideologies. These statements contradict government reports which indicate that the groups operate independently and without contact. The IJ noted a significant inconsistency when Benavides failed to mention in his affidavit or testi mony three incidents described in his cousin's affidavit submitted as evidence by Benavides' attorney during the hearing. These events include two occasions when three unknown men chased Benavides and another occasion when men followed Benavides and a friend into a movie theater. Finally, the record discloses that Benavides' testimony was vague at times and that his demeanor during testimony was argumentative and nonresponsive.
 
 
 8
 We conclude, therefore, that the BIA supported its credibility determinations with substantial evidence. Accordingly, we will not disturb these findings on appeal.
 
 B. Standard of proof in asylum cases
 
 9
 Even assuming the credibility of Benavides' testimony, the BIA found that he failed to demonstrate a well-founded fear of persecution necessary to obtain asylum relief. Factual determinations by the BIA are upheld if supported by substantial evidence and are reversed "only if the evidence presented by the petitioner 'was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.' " Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir.1992) (quoting INS v. Elias-Zacarias, 60 U.S.L.W. 4130, 4131 (U.S.1992)). This narrow standard of review respects the BIA's expertise in immigration matters. Huaman-Cornelio, 979 F.2d at 999.
 
 
 10
 Benavides argues that the IJ used the wrong standard for political asylum cases. A grant of asylum is discretionary. 8 U.S.C.A. Sec. 1158(a) (West Supp.1993); see INS v. Cardoza-Fonseca, 480 U.S. 421, 428 n. 5 (1987). To be eligible for asylum, an alien must meet the definition of refugee--that is, any person who is unable to return to his country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. Sec. 1101(a)(42)(A) (West Supp.1993); see Cardoza Fonseca, 480 U.S. at 423. The alien bears the burden of proof. Huaman-Cornelio, 979 F.2d at 999-1000.
 
 
 11
 The well-founded fear standard for asylum cases consists of subjective and objective parts. Cardoza-Fonseca, 480 U.S. at 430-31. The subjective part requires that Benavides present" 'candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992) (quoting Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987)). To establish the objective part, Benavides "must show (1) that a reasonable person in the circumstances would fear persecution; and (2) that the fear has 'some basis in the reality of the circumstances' and is validated with 'specific, concrete facts.' " Huaman-Cornelio, 979 F.2d at 999 (quoting M.A. A26851062 v. United States INS, 899 F.2d 304, 311 (4th Cir.1990)). Additionally, Benavides must show that his fear of persecution stems directly from the types of persecution enumerated in the definition of refugee. Huaman-Cornelio, 979 F.2d at 999-1000. If an alien presents concrete facts of a well-founded fear of persecution but those facts disclose that the alien "fears retribution over purely personal matters or general conditions of upheaval and unrest," the alien is not eligible for asylum. Id. at 1000.
 
 
 12
 Benavides argues that he has a well-founded fear of persecution because he rejected the guerrilla groups' request for his carpentry skills. However, fear of persecution on grounds other than "race, religion, nationality, membership in a particular social group, or political opinion" does not render an applicant eligible for asylum. Id. at 999-1000; M.A. A26851062, 899 F.2d at 314-15. Any potential for guerilla retribution against Benavides stems from Benavides' refusal to help satisfy the need for men with building and carpentry skills, not from any actual or imputed political views. See Cuadras v. United States INS, 910 F.2d 567, 571 (9th Cir.1990). The mere existence of a political motive underlying the guerrillas' actions does not necessarily render those acts persecution on account of Benavides' political views. Elias-Zacarias, 60 U.S.L.W. at 4131.
 
 
 13
 Because Benavides failed to articulate facts sufficient to establish one of the statutory grounds for asylum, he is not eligible for relief.
 
 C. Due process claim
 
 14
 Benavides next argues that his due process rights were violated by the IJ's purported hostility when Benavides' attorney ignored the IJ's previous instructions to disclose any applications prepared by an individual convicted of drafting fraudulent asylum claims; Benavides' attorney failed to disclose that Benavides' application had been pre pared by that individual. Our review of the deportation hearing transcript discloses nothing to suggest that the IJ was biased against Benavides. In any event, we review only the BIA's findings and order, not those of the IJ. Huaman-Cornelio, 979 F.2d at 999. Because the BIA conducted a de novo review, any bias the IJ might have had against Benavides was harmless. See Elnager v. United States INS, 930 F.2d 784, 787 (9th Cir.1991).
 
 III.
 
 15
 We find the determinations by the BIA, that Benavides failed to prove a well-founded fear of persecution, are supported by substantial evidence. Benavides' inability to demonstrate a well-founded fear of persecution also precludes him from satisfying the more stringent burden of probability of persecution required for withholding of deportation under 8 U.S.C.A. Sec. 1253(h) (West Supp.1993). See Cardoza-Fonseca, 480 U.S. at 443-48; Huaman-Cornelio, 979 F.2d at 1000. Hence, the BIA properly upheld the IJ's denial of Benavides' application for asylum and withholding of deportation.
 
 
 16
 For the foregoing reasons, we affirm the BIA's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 This appeal was submitted on the briefs pursuant to Benavides' motion