42 F.3d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Malik Faisal MAHMOOD, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70855.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1994.*
Decided Nov. 28, 1994.
 
 Before: LAY,** TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 * Malik Faisal Mahmood, a native and citizen of Pakistan, was charged by the Immigration and Naturalization Service ("INS") with deportability under section 241(a)(4) of the Immigration and Naturalization Act ("the Act"), 8 U.S.C. Sec. 1251(a)(4) (appearing now at Sec. 1251(a)(2)(A)(i) pursuant to recodification) for conviction of a crime involving moral turpitude, and under section 241(a)(2) of the Act, 8 U.S.C. Sec. 1251(a)(2) (appearing now at Sec. 1251(a)(1)(B) pursuant to recodification), for remaining in the United States without authorization. At a hearing before an immigration judge ("IJ"), Mahmood conceded deportability on both counts and applied for asylum under section 208 of the Act, 8 U.S.C. Secs. 1101(a)(42) and 1158(a), or alternatively, for withholding of deportation under section 243(h) of the Act, 8 U.S.C. Sec. 1253(h)(1), alleging that he would suffer religious or political persecution as a member of the Ahmadi faith should he return to Pakistan. The IJ denied Mahmood's asylum claim, and further denied him voluntary departure. The Board of Immigration Appeals ("BIA") affirmed. We deny Mahmood's petition for review.
 
 II
 
 3
 The immigration judge ("IJ") found that Mahmood was not a credible witness and that he had failed to establish a well-founded fear of persecution, or, of necessity, to meet the more stringent standard for withholding of deportation. While the latter requires a showing that the alien will "more likely than not" be subjected to persecution, INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987) (citation omitted), asylum requires only that the alien show past persecution or a "reasonable possibility" that he will face persecution because of race, religion, nationality, membership in a particular social group, or political opinion. Id. at 428, 440; 8 USC Sec. 1101(a)(42).
 
 
 4
 The "well-founded fear" test for asylum consists of both a subjective and an objective component. Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir.1988). While both components require credible testimony on the part of the alien, the objective prong requires in addition that the alien substantiate his claim of past or anticipated future prosecution with specific facts in the form of documentary evidence, or lacking that, his own testimony, "if it is credible, persuasive, and refers to specific facts that give rise to an inference that [he] has been or has a good reason to fear that he ... will be singled out for persecution on one of the specified grounds listed in section 208(a)." Blanco-Comarribas v. INS, 830 F.2d 1039, 1042-43 (9th Cir.1987) (quotations and citations omitted).
 
 
 5
 After conducting its own review, the BIA made a finding of adverse credibility on the basis of Mahmood's conviction for making false statements to acquire a United States passport, his admission at the asylum hearing that he planned to "pretend I'm a citizen so I can live here," and the contradictions between his own testimony and that of his father. We find that the BIA's finding of adverse credibility is supported by the substantial evidence cited by the Board.
 
 III
 
 6
 The BIA further found that Mahmood failed to make a showing of past persecution or a well-founded fear of future persecution sufficient to establish his asylum claim. Mahmood offered as evidence of past and future persecution his testimony concerning his beating by other students and an attempted shooting by unknown assailants. He offered as additional evidence of future persecution the 1984 penal laws directed against Ahmadis, and his father's testimony concerning letters he wrote criticizing the Pakistani government.
 
 
 7
 We agree with the BIA that because Mahmood did not show that the students who allegedly kidnapped him were part of an organization that might still exist and thus be cause for his concern upon return to Pakistan, he did not thereby establish a well-founded fear of persecution. See Rodriguez-Rivera, 848 F.2d at 1005. We further agree that Mahmood's allegation that he was shot at because he is an Ahmadi was speculative and incapable of supporting his asylum claim. See Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1986) (where source of threatening note was "left wholly to speculation," the BIA did not err in finding that the threat provided no foundation for a well-founded fear of persecution).
 
 
 8
 Because Mahmood offered neither documentary evidence nor credible testimony concerning the attacks he alleged to support his claim, the BIA did not err in finding that he failed to establish persecution or a well-founded fear of persecution on these bases. Even if the past events described were to be accepted as true, they do not rise to the level of atrocity necessary to create eligibility for asylum without regard for the likelihood of future persecution. Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993) (citing and distinguishing Matter of Chen, Interim Decision 3014 at 4 (BIA 1989)).
 
 
 9
 As to the effect of Mahmood's letters criticizing the Pakistan government, the BIA properly found that, as there was no evidence that the Pakistani government was currently looking for or interested in Mahmood, the letters could not be held to support Mahmood's claim of a well-founded fear of persecution.
 
 
 10
 The BIA order does not discuss the penal ordinances submitted by Mahmood, but the BIA expressed its agreement with the IJ that Mahmood's confrontational attitude toward Pakistani Muslims had been the source of his past troubles and, implicitly, might be the source of future conflict. In the portion of the hearing cited by the BIA, the IJ found that the laws submitted by Mahmood were put into effect "for the purpose of eliminating violence between ... religious groups," and concluded that "the respondent can safely return to Pakistan; he can continue his association with the Ahmadi group; and, he can do so in freedom and safety, provided he avoids deliberate confrontations with members of the Moslem faith." In other words, while the situation in Pakistan may seem less than ideal from our perspective, Mahmood may practice his religion and avoid imprisonment if he refrains from calling himself a Muslim. He has not, therefore, established a "well-founded fear" of persecution on the basis of the laws he presents.
 
 IV
 
 11
 Because there is no indication that the Pakistani government persecutes the Ahmadi or any other religious group, and because Mahmood fails to show sufficient grounds to establish a well-founded fear of persecution from any other source, we find that the BIA did not err in finding that Mahmood failed to satisfy the burden of proof required for asylum under section 208 of the Act. As the standards for withholding of deportation are more stringent than those required for asylum, we find that the BIA properly denied Mahmood's request for withholding of deportation. Mahmood's petition is therefore DENIED.
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3