67 F.3d 305
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pablo Felix CARDOZA-HERRERA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70141.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 29, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Abf-hjy-otc.
 BIA
 PETITION DENIED.
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pablo Felix Cardoza-Herrera, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ"), denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Secs. 1158(a) and 1253(h), and granting him voluntary departure. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 * Background
 
 
 4
 On May 7, 1990, the Immigration and Naturalization Service ("INS") issued Cardoza-Herrera an order to show cause why he should not be deported as an alien who had entered the United States without inspection in violation of section 241(a)(2) of the INA, 8 U.S.C. Sec. 1251(a)(2). Cardoza-Herrera, represented by counsel, conceded deportability, but sought asylum and withholding of deportation or in the alternative voluntary departure.
 
 
 5
 Cardoza-Herrera's testimony before the IJ and his statements in his application can be summarized as follows.
 
 
 6
 Cardoza-Herrera testified that he first left Nicaragua in December 1983 or January 1984, going to Mexico, where he remained until January 1986, when he left Mexico and entered the United States. He applied for asylum which was denied and was returned to Nicaragua.
 
 
 7
 Upon his return he was questioned by the military and shortly thereafter he started receiving orders directing him to report for military service. He also received anonymous notes indicating that military service was obligatory and that he would obey "one way or the other." Cardoza-Herrera was opposed to the Sandinista government and did not want to serve in the Sandinista controlled military. He testified that he could not find work because he could not prove that he had completed his military service. He stated that his brother had been detained for several months for not joining the military and that a cousin had been killed in 1981 by the Sandinistas.
 
 
 8
 Cardoza-Herrera again left Nicaragua in 1986 and went to Guatemala, where he lived and worked until 1988, when he came to the United States. Cardoza-Herrera acknowledged that the Sandinistas were no longer in control of the government, but stated that he still feared returning because they still controlled the military.
 
 
 9
 The IJ found that Cardoza-Herrera had failed to met his burden of establishing past persecution or a well-founded fear of future persecution on account of political opinion or any other enumerated ground and denied his application for asylum and withholding of deportation. The IJ denied Cardoza-Herrera's request for voluntary departure because of his prior illegal entry into the United States.
 
 
 10
 The BIA reviewed the entire record and affirmed the IJ's decision, but granted him voluntary departure. Cardoza-Herrera timely petitions for review.
 
 II
 Analysis
 A. Standard of Review
 
 11
 "The factual findings underlying the decision are reviewed for substantial evidence, and the [BIA's] determination should not be reversed absent compelling evidence of persecution." Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995); INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992) (under substantial evidence standard, the BIA's determination will be upheld unless "the evidence that [the alien] presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution").
 
 B. Merits
 
 12
 To establish eligibility for asylum based on a well-founded fear of future persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The burden is on the applicant to meet this standard. Id. "The objective component requires a showing by 'credible, direct, and specific evidence of facts showing a reasonable fear of persecution' " on account of one of the enumerated grounds. Id. (quoting Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam)).
 
 
 13
 Here, Cardoza-Herrera contends he was persecuted when the Sandinistas attempted to forced him into the military and when he was denied employment opportunities based on his political opinions. Neither of these contentions has merit.
 
 1. Military Service
 
 14
 Sovereign nations have a right to conscript their citizens for military service. Thus, a requirement of compulsory military service alone is not sufficient to establish persecution. See Rodriguez-Rivera, 848 F.2d at 1005. Cardoza-Herrera submitted no evidence that he would be subject to disproportionate punishment for his failure to serve in the military based on his political opinions. Moreover, Cardoza-Herrera failed to show that he would be required to engage in "inhuman conduct" as part of his military service, nor did he show that he was required to perform military service merely on account of his political opinions. In addition, Cardoza-Herrera produced no evidence that the authorities would be interested in him for any other reason than that he had failed to perform his military service. Given these circumstances, his desire not to participate in the Nicaraguan military does not constitute a basis for a finding of persecution. See id.
 
 2. Economic Persecution
 
 15
 The evidence presented by Cardoza-Herrera does not support an objective well-founded fear of persecution based on economic persecution. At most, the evidence presented by Cardoza-Herrera shows that he suffered some economic discrimination based on his political opinions. See Saballa-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985) (confiscation of alien's food ration card did not amount to persecution); Raas v. INS, 692 F.2d 596, 596 (9th Cir.1982) (asylum claim requires more than "generalized economic disadvantage"). This is not a situation in which the economic deprivation was so severe that Cardoza-Herrera was deprived of the necessities of life. See Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969); see also Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988) (defining persecution). Given the evidence presented, we cannot say that "a reasonable factfinder would be compelled to conclude that [Cardoza-Herrera] was subject to persecution." See Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995).[1]
 
 
 16
 In any event, Cardoza-Herrera's application for asylum is further undermined by the changes in Nicaragua since 1990 when the Sandinista government was voted out of office, military conscription was ended, and participation in Sandinista organizations and events was no longer required. See Acewicz, 984 F.2d at 1061; Blanco-Comarribas v. INS, 830 F.2d 1039, 1041-42 (9th Cir.1987).
 
 
 17
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum and because Cardoza-Herrera failed to meet the lower standard for eligibility for asylum, we also affirm the BIA's denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 18
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Cardoza-Herrera's claim is based on persecution suffered by his family, this claim fails too. While persecution or "acts of violence against an [alien's] friends or family may establish a well-founded fear" of persecution, see Arriaga-Barrientos v. INS 937 F.2d 411, 414 (9th Cir.1991), it "do[es] not necessarily establish a well-founded fear of persecution absent a pattern of persecution tied to the [alien]." Prasad, 47 F.3d at 340. Here, no such pattern or connection has been shown
 Likewise, to the extent Cardoza-Herrera contends that he is entitled to asylum based solely on past persecution, this claim fails too. While past persecution alone may be sufficient, it is limited to situations in which the applicant has suffered "under atrocious forms of persecution." Acewicz, 984 F.2d at 1062 (citing Matter of Chen, Int.Dec. 3104 at 4 (BIA1989)); Desir, 840 F.2d at 729. Here, no such showing was made.