108 F.3d 1384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Horacio Jose CENTENO-SANCHEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70301.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 13, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Horacio Jose Centeno-Sanchez, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ") denying his applications for asylum, withholding of deportation, and suspension of deportation under sections 208(a), 243(h), and 244(a)(1) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. §§ 1158(a), 1253(h), & 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Centeno-Sanchez contends that the BIA's conclusion that he failed to establish past persecution or a well-founded fear of future persecution is not supported by substantial evidence. This contention lacks merit.
 
 
 4
 A well-founded fear of persecution may be established by the petitioner's own testimony if it is credible, persuasive, and refers to specific facts that give rise to an inference that he has good reason to fear he will be singled out for persecution on account of one of the enumerated grounds. Blanco-Comarribas v. INS, 830 F.2d 1039, 1042-43 (9th Cir.1987). To obtain a reversal, the petitioner must show that his or her evidence " 'was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.' " Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994) (quoting Elias-Zacarias, 502 U.S. at 481). Factual findings, including whether the alien has proven past persecution or a well-founded fear of future persecution, are reviewed for substantial evidence. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993).
 
 
 5
 Centeno-Sanchez testified that, from 1983 through 1987, he was a member of the Partido Liberal Independiente (PLI). As a member of PLI, Centeno-Sanchez took part in demonstrations against the Sandinista government. On two occasions, Centento-Sanchez was beaten by State Security while demonstrating against the Sandinista government. In 1984, Centeno-Sanchez was injured when State Security threw rocks at the demonstrators. In 1987, Centeno-Sanchez and other demonstrators were beaten by State Security. At this demonstration, Centeno-Sanchez was interrogated by State Security for thirty minutes and told to avoid further demonstrations or "something more serious was going to happen." In 1988, Centeno-Sanchez obtained a passport from the Sandinista government and left Nicaragua. He testified that his parents and the majority of his siblings have remained in Nicaragua without incident.
 
 
 6
 Here, the BIA's finding that Centeno-Sanchez failed to establish past persecution is supported by substantial evidence.[1] Centeno-Sanchez's brief detention, with two isolated instances of violence over a four-year period, does not compel a finding that he was subjected to persecution. See Shirazi-Parsa, 14 F.3d at 1427; see also Acewicz, 984 F.2d at 1061. There is also substantial evidence to support the BIA's determination that Centeno-Sanchez failed to establish a well-founded fear of future persecution. Centeno-Sanchez failed to establish that he would be particularly targeted for persecution by the Sandinistas. See Blanco-Comarribas, 830 F.2d at 1042-43. Moreover, we note that Centeno-Sanchez obtained a valid passport and that his parents and siblings have remained in Nicaragua without incident. See Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990); Saballo-Cortez v. INS, 761 F.2d 1259, 1265 (9th Cir.1984). Because the standard for withholding of deportation is higher than the standard for a grant of asylum, we similarly affirm the BIA's denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 7
 Centeno-Sanchez additionally contends that the BIA abused its discretion by denying his application for suspension of deportation. He argues that the BIA failed to properly consider all relevant factors in determining whether he demonstrated extreme hardship. We disagree.
 
 
 8
 We review the BIA's determination of extreme hardship for abuse of discretion. Hassan v. INS, 927 F.2d 465, 467 (9th Cir.1991). Although the BIA may construe extreme hardship narrowly, it must show proper consideration of all factors when weighing the equities and denying relief. Id.; see also Gutierrez-Centeno v. INS, 99 F.3d 1529, 1533 (9th Cir.1996). To establish extreme hardship, the petitioner must demonstrate unique, extenuating circumstances different from the type of hardship experienced by most aliens living abroad. Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986).
 
 
 9
 Centeno-Sanchez testified that he had only one relative in the United States, that his parents and six of his seven siblings reside in Nicaragua, that he could speak and write only in Spanish, that he was not active in community affairs other than his church, and that he was unemployed due to a permanent disability. The BIA noted that the IJ had considered each of the relevant factors pertaining to extreme hardship and concluded that the "[IJ] properly determined that [Centeno-Sanchez] failed to establish extreme hardship." The BIA additionally noted that Centeno-Sanchez failed to show emotional and economic hardship substantially beyond the hardship typically encountered by aliens facing deportation. Thus, the record indicates that the BIA gave proper consideration of all the relevant factors, see Hassan, 927 F.2d at 467, and did not abuse its discretion by finding that Centeno-Sanchez failed to established extreme hardship, see Gutierrez-Centeno, 99 F.3d at 1531-35.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Centeno-Sanchez's claim that our review is limited to the IJ's decision. Because the BIA reviewed the IJ's decision de novo and independently exercised its discretion, our review is limited to the BIA's decision. Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995)