113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Yolanda Verano DE LA ROSA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70629.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 30, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Aqg-jxt-pbi.
 BIA
 REVIEW DENIED.
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Yolanda Vernano De La Rosa, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ") denying her applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. §§ 1158(a) & 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 De La Rosa contends that the BIA's conclusion that she failed to establish past persecution or a well-founded fear of future persecution on account of one of the enumerated grounds is not supported by substantial evidence. We disagree.
 
 
 4
 Where the BIA reviews the IJ's decision de novo and independently exercises its discretion, our review is limited to the BIA's decision. See Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995). We review factual determinations of a petitioner's statutory eligibility for asylum under a "substantial evidence" standard. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997) (citing INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). To obtain reversal, the petitioner must show that "the evidence not only supports that conclusion, but compels it." Elias-Zacarias, 502 U.S. at 481 n. 1.
 
 
 5
 The petitioner may establish his case through his own testimony if it is credible, persuasive, and refers to specific facts that give rise to an inference that he has been persecuted, or has good reason to fear future persecution, on account of one of the enumerated grounds. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042-43 (9th Cir.1987). Where there is no direct or circumstantial evidence to show that the petitioner was persecuted "on account of" his political opinion, the petitioner is ineligible for asylum. Sangha, 103 F.3d at 1490-91.
 
 
 6
 In 1986, members of the New Peoples Army ("NPA"), a guerilla organization, demanded a share of the De La Rosa's family's earnings. De La Rosa urged her family not to give the NPA any money. De La Rosa testified that her family gave the NPA money because they were "afraid for their lives." De La Rosa additionally testified that when the NPA asked her to become a member, she told them that she "[did not] want to be a member of ... anything in the Philippines." De La Rosa's uncle, who belonged to the NPA, told the NPA that De La Rosa had advised her parents not to give money to the group. In 1989, De La Rosa moved to Manila. In 1990, after De La Rosa's parents stopped giving money to the NPA, the NPA sent a letter to her parents demanding "vengeance for your daughter." After this incident, De La Rosa's parents joined De La Rosa in Manila. De La Rosa testified that neither she nor her parents experienced any problems with the NPA in Manila. De La Rosa testified, however, that two of her cousins, an army officer and a congressman, were both killed by the NPA. In 1991, De La Rosa obtained a tourist visa to travel to the United States.
 
 
 7
 The BIA's finding that De La Rosa failed to establish persecution "on account of" one of the enumerated grounds is supported by substantial evidence. First, De La Rosa's refusal to join the NPA is not enough by itself to show that the NPA acted "on account of" her political views. See Sangha, 103 F.3d at 1490; see also Elias-Zacarias, 502 U.S. at 482-83. Second, De La Rosa failed to offer any direct or circumstantial evidence that the NPA was motivated by De La Rosa's political opinion, either actual or imputed. See Sangha, 103 F.3d at 1490-91; cf. Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (holding that petitioner's refusal to accede to extortion in a political system founded on extortion resulted in imputation of political opinion). Third, De La Rosa failed to demonstrate a connection between herself and the murder of her two cousins. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995). Moreover, the record demonstrates that the NPA was not motivated by De La Rosa's political opinion, but rather by financial concerns. See Sangha, 103 F.3d at 1490-91. The record does not compel us to find otherwise. See id.; see also Elias-Zacarias, 502 U.S. at 481 n. 1.[1]
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because De La Rosa failed to demonstrate eligibility for asylum, we need not address De La Rosa's remaining contentions