**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHANMIN LIU,
Petitioner,

v.

No. 96-1792

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-370-027)

Submitted: December 2, 1997

Decided: December 24, 1997

Before HALL, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Frederic W. Schwartz, Jr., Washington, D.C., for Petitioner. Frank W.
Hunger, Assistant Attorney General, Philemina McNeill Jones, Assis-
tant Director, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Shanmin Liu petitions for review of a final order of the Board of Immigration Appeals (Board), denying his application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we deny the petition.

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. 8 U.S.C. § 1158(a) (1994). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1994); see also M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (in banc).

The "well-founded fear of persecution" standard contains both a subjective and an objective component. An applicant may satisfy the subjective element by presenting "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992) (quoting Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir. 1987)). We review the credibility findings of the Immigration Judge (IJ) and the Board for substantial evidence. See Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989) (citing Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir. 1987); Saballo-Cortez v. INS, 761 F.2d 1259, 1262 (9th Cir. 1984)). Substantial evidence is evidence that a reasonable person might accept as adequate to support a conclusion. See Turcios, 821 F.2d at 1398. A reviewing court gives credibility determinations substantial deference provided they are supported by "specific, cogent reason[s]" for the disbelief. Figeroa, 886 F.2d at 78 (quoting Turcios, 821 F.2d at 1399).

The standard for withholding of deportation is more stringent than that for granting asylum. See INS v. Cardoza-Fonseca, 480 U.S. 421, 431-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." Id. at 430. We accord the Board all possible deference. See Huaman-Cornelio v.

2

Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). The decision may be "reversed only if the evidence presented by [Liu] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

After conceding deportability for having entered the United States without inspection in March 1990, Liu applied for asylum, withholding of deportation, and alternatively, voluntary departure based on his fear of persecution if he returned to the People's Republic of China (China). Evidence before the IJ established that Liu, a native and citizen of China, is a married male. He testified that he favored the Democracy Movement, a political party, in China because of his opposition to corruption of the Chinese Communist Party. He claimed that because of his pro-democracy views, and the actions he took in manifestation of those views, Chinese authorities summoned him to respond to charges of "counter revolutionary propaganda and incitement." He stated that a friend advised him that he would be receiving a summons. He testified that he has not seen his wife since he left his home in December 1989, in order to avoid receiving the summons. He did not report to authorities as directed by the summons because he believed he would be arrested if he reported. At his deportation hearing, he presented a document allegedly constituting the Chinese summons. He also presented newspaper articles describing the sentences political dissidents in China have received. He argued that because these persons, who were engaged in activities similar to his own, were punished, he has a well founded basis to fear persecution.

He also argued that he faces possible sterilization in China because he already has one child, a male child. He alleged that while his wife was pregnant after the male child, he received notices to report for a sterilization operation, which were issued to him by his employer. He presented copies of these alleged notices.

The IJ determined that Liu did not present a credible claim of a fear of persecution in China. On appeal, the Board also did not find Liu credible and held that Liu failed to demonstrate past persecution or the requisite fear of future persecution for asylum or withholding of deportation. Thus, the Board dismissed Liu's appeal. In his petition

3

for review, Liu challenges the IJ's and Board's credibility determinations.

We find that the IJ and the Board supported their credibility determinations with specific, cogent reasons for disbelieving Liu. See Figeroa, 886 F.2d at 78. Liu presented a Chinese document which allegedly constitutes a Chinese summons to bolster his claim that he was engaged in political activities for which he is being sought by the Chinese authorities. Liu also presented two documents which purport to impose penalties based on his violation of national family planning policies; the documents were allegedly issued by his employer. The IJ and the Board were not convinced of the validity of the summons or the fine notification documents. The Board noted that, although the summons was submitted to the Forensic Document Laboratory of the Immigration and Naturalization Service for evaluation, that institution could not provide conclusive information as to its validity. The Board also cited a report, however, which states that documentation from China, particularly from the Fuzhou area from which Liu comes, is marked by widespread fabrication and fraud. The same report also states that documents imposing penalties for family planning violations are only issued by family planning units and documents which were allegedly issued by other sources are fraudulent.

The Board and the IJ also noted that Liu arrived in the United States in 1990 but did not apply for asylum until 1992 because his counsel advised him that his case was not ready because he did not have the necessary documentation. The Board reasoned that it was likely that Liu obtained the above three documents, on which he bases his claims, in order to apply for asylum, raising the concern that these documents were fabricated to provide evidence in support of Liu's application for asylum.

Other adverse credibility findings made by the IJ and the Board concerned Liu's claim that he left his wife while she was six months pregnant and was unsuccessful in establishing any communication with her until June 1992, when he allegedly learned that her pregnancy had resulted in a miscarriage. The IJ concluded that it was implausible and inconceivable that Liu would not have been successful in finding some means to communicate with his wife to find out about the birth of their expected baby. Liu testified that he did not

4

send any support of any kind to his wife and child until after July 1992. Since then, he testified, he has found friends who have traveled to China who have taken funds to his wife on a regular basis. He has done this twice a year since July 1992. Liu did not explain why he couldn't do this before July 1992. The Board also reasoned that Liu's representation that he did not have contact with his wife for years further undermined his credibility because the individual who made contact with Liu's wife on his behalf, a person who lived in the United States, offered no statement or testimony to bolster Liu's account of events.

Lastly, the Board noted that other testimony that undermined Liu's credibility concerned the fact that he applied for a Chinese passport in 1993 and had the intention of returning there to visit his family, but then he testified that he no longer had the intention to travel to China because things had changed. He did not offer a cogent explanation of what had changed; he only stated that the Chinese authorities were still investigating his case.

As the Board stated, even assuming the family planning related notices are authentic, Liu is not entitled to relief on that basis because severe government sanctions in response to an alien's violations of his country's population control policy does not necessarily constitute persecution or create a well-founded fear of persecution. See Chen Zhou Chai v. Carroll, 48 F.3d 1331, 1335-36 (4th Cir. 1995). The asylum applicant must demonstrate that any government action taken against him or her was for a reason other than the mere enforcement of its population control policies. Id. at 1336. Liu did not prove, nor does the record disclose, that the family planning policies were selectively enforced against him because of his race, religion, nationality, membership in a particular social group, or political opinion. Id.

As Liu has not established entitlement to asylum, he cannot meet the higher standard for withholding of deportation. We accordingly deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

5