**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DANIEL ODURO,
Petitioner,

v.

No. 97-2443

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-850-222)

Submitted: August 11, 1998

Decided: August 31, 1998

Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Eric R. Bowman, Langley Park, Maryland, for Petitioner. Frank W.
Hunger, Assistant Attorney General, David V. Bernal, Assistant
Director, Office of Immigration Litigation, Ernesto H. Molina, Jr.,
Civil Division, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Daniel Oduro, a citizen of Ghana, petitions for review of a final order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation. The Immigration Judge (IJ) found Oduro's application and testimony incredible and denied his application. The IJ ordered Oduro deported as charged under § 212 of the Immigration and Nationality Act. See 8 U.S.C.A. § 1182(a)(7)(A)(I)(I) (West Supp. 1998). The Board dismissed Oduro's appeal, upholding the IJ's credibility determination. Because substantial evidence supports the Board's decision, we deny the petition.

Oduro claimed that he left Ghana as a result of the violent end of a political rally. In Oduro's view, because he organized the demonstration, the Government forces who broke up the rally would also seek him out and harm him. Oduro claimed to have fled Ghana under the cover of night to neighboring Togo, where he secured passage on a slow boat to somewhere in Europe. When he was forced to disembark, he did not know where he was, but was guided by a stranger from his boat trip to a nearby town. On his walk to the town, Oduro found a United States passport and decided to come to America. A stranger named Roberto helped Oduro by hiding him in a small, dark room for two or three months until Oduro could leave with the ticket to the United States that Roberto had procured for him.

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. See 8 U.S.C.A. § 1158(a) (West Supp. 1998). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1998);

2

see also M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (in banc). The "well-founded fear of persecution" standard contains both a subjective and an objective component. An applicant may satisfy the subjective element by presenting "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992) (quoting Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir. 1987)).

In this case, the IJ and the Board found that Oduro's testimony regarding his fear of prosecution and his escape from Ghana was not credible and denied asylum on that basis. We review the credibility findings of the IJ and the Board for substantial evidence. See Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989) (citing Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir. 1987); Saballo-Cortez v. INS, 761 F.2d 1259, 1262 (9th Cir. 1984)). Substantial evidence is evidence that a reasonable person might accept as adequate to support a conclusion. See Turcios, 821 F.2d at 1398. A reviewing court gives credibility determinations substantial deference provided they are supported by "specific, cogent reason[s]" for the disbelief. Figeroa, 886 F.2d at 78 (quoting Turcios, 821 F.2d at 1399).

The Board offered numerous reasons for discounting Oduro's testimony. The Board determined that there were material discrepancies between Oduro's written application for asylum and his oral testimony in Immigration Court. The discrepancies the Board identified included Oduro's description of his role in the opposition political party in Ghana and his account of the events at the ill-fated political rally where Oduro decided that it was necessary to leave Ghana. Further, Oduro mentioned in his written application that he believed his family was in danger as a result of his flight from Ghana, but failed to mention that significant fact in his oral testimony. In addition, the Board noted that the vague nature and implausibility of Oduro's account of his voyage to the United States further eroded his credibility. We find that these are sufficiently specific and cogent reasons for the Board to uphold the credibility finding of the IJ. Accordingly, the determination is entitled to substantial deference. As a result, we find that the Board's conclusion that Oduro failed to establish the subjective portion of his "fear of prosecution" is supported by substantial evidence.

3

In his brief on appeal, Oduro primarily contends that his written application and oral testimony were not <u>necessarily</u> inconsistent and can be reconciled with one another through a little explaining. However, Oduro's contention mistakes the scope of this court's review of the Board's decision. Because we find that the Board's credibility determination was supported by sufficient reasoning, we will not delve into all of the possible interpretations of Oduro's testimony. Oduro cites <u>Nasseri v. Moschorak</u>, 34 F.3d 723 (9th Cir. 1994), <u>overruled on other grounds by Fisher v. INS</u>, 79 F.3d 955, 963 (9th Cir. 1996), in support of his claim that the Board's credibility determination was not supported by sufficient reasoning. In <u>Nasseri</u>, however, the Ninth Circuit specifically noted that inconsistencies between the application and oral testimony, such as those noted by the Board in this case, were appropriate factors on which to base a credibility finding. <u>See id.</u> at 726. Moreover, the Ninth Circuit reversed when the Board found Nasseri incredible, not because of her demeanor in presenting her oral testimony, but because of the Board's unsupported analysis of the political situation in Afghanistan. <u>See id.</u> There is no such "faulty logic" in this case. <u>Id.</u>

Finding no error to the Board's decision, we deny Oduro's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

4