**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WOYENESHET MAMO,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 98-2224

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A-71-798-661)

Submitted: December 30, 1998

Decided: March 10, 1999

Before WIDENER and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Rev. Uduak J. Ubom, UBOM, WHITE & ROBERTS, Washington,
D.C., for Petitioner. Frank W. Hunger, Assistant Attorney General,
Karen Fletcher Torstenson, Assistant Director, Joan E. Smiley, Senior
Litigation Counsel, Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Woyeneshet Mamo seeks review of the decision of the Board of Immigration Appeals (BIA) denying relief on her application for asylum and withholding of deportation. The Immigration Judge (IJ) found Mamo incredible and denied her application. The BIA affirmed the IJ's decision, upholding the IJ's credibility determination. Because substantial evidence supports the BIA's decision, we deny the petition.

Mamo, a native and citizen of Ethiopia, entered the United States as a nonimmigrant visitor in 1991 and overstayed her six-month visa. At the asylum hearing before the IJ, Mamo testified that she feared persecution in Ethiopia on account of her past membership in the Ethiopian People's Revolutionary Party (EPRP), a Marxist-Leninist organization. Mamo testified that she joined the EPRP in 1980, is still a member, and that she used to distribute information about the party to close friends. When asked what the EPRP's goals were, Mamo replied that it opposed the Communist government, brought freedom, and educated the public. Mamo stated that she joined the EPRP because it "helps the people."

Mamo described two incidents in which she was arrested allegedly because of her EPRP membership. Mamo claimed that in 1986, she was caught distributing information about the EPRP, and she and four other people were taken to jail, beaten and interrogated. After one week, Mamo and the other four detainees noticed the jail guard sleeping and escaped. Mamo testified she had no further problems until 1991, when she was arrested and detained for one week following a demonstration against the transitional government. She could provide few details about her detention, other than that she was detained for one week and that "it was a very tragic time."

2

Mamo also recounted that one of her brothers worked for the American Embassy in Ethiopia and was accused of spying and jailed for a year in 1989. Another brother allegedly was arrested in Ethiopia and has been granted asylum in the United States. Mamo's father, now deceased, worked for the U.S. Embassy for forty years. Mamo's mother and two brothers still live in Ethiopia. Mamo obtained an exit visa in late 1990, six months before the alleged second arrest.

Although Mamo testified to EPRP membership and mistreatment due to that membership at the hearing, her original asylum application failed to claim she was an EPRP member or describe any instances of mistreatment by government authorities due to that affiliation. On her asylum application, Mamo stated that neither she nor any member of her family belonged to any organization and attempted to ground her claim of fear of persecution solely on her brother's employment with and her family's association with the United States government. She failed to indicate that any member of her family had been mistreated or to provide details of any alleged detention and interrogation. Mamo also failed to report her alleged imprisonments, mistreatment, or EPRP membership in her asylum interview in January 1996, only months prior to the hearing.

The IJ found Mamo deportable, concluded she was not credible, and denied her application for asylum. The IJ's adverse credibility determination was based on the inconsistencies between Mamo's asylum application and her testimony at the hearing. Mamo first reported her EPRP membership at the hearing, after failing to note this critical information in either her asylum application or her January 1996 interview. Mamo's asylum application described only her brother's involvement with the United States government, and there was no corroborating evidence or background information to support Mamo's new and different claims of persecution due to EPRP membership. Further, for someone who claimed to be an active member, Mamo knew little about the EPRP, and the IJ found it incredible that Mamo could have been active in the organization and not had any problems between 1986 and 1991. Mamo also failed to claim on her asylum application that she had been mistreated or to provide details of alleged detentions. Based on the inconsistencies, the lack of specificity, and Mamo's significant embellishment of her claims at the hearing, the IJ concluded that Mamo had not established by credible

3

evidence that she has a well-founded fear of persecution in Ethiopia or that she was persecuted in the past. The IJ accordingly denied Mamo's application for asylum, and withholding of deportation.

On appeal to the BIA, the BIA upheld the IJ's adverse credibility determination. The BIA noted that Mamo's original application and her testimony were inconsistent; she omitted critical information regarding her political activities on the asylum application; she knew little about the EPRP; and she lacked any other evidence to support her claim of EPRP membership or political activities, all of which rendered her claim suspect. The BIA agreed that Mamo failed to present credible evidence sufficient to establish eligibility for asylum, and affirmed the IJ's decision.

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. See 8 U.S.C.A. § 1158(b) (West Supp. 1998). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1998); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc). The "well-founded fear of persecution" standard contains both a subjective and an objective component. An applicant may satisfy the subjective element by presenting "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992) (quoting Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir. 1987)).

In this case, the IJ and the BIA found Mamo's testimony regarding her fear of persecution was not credible and denied asylum on that basis. We review the credibility findings of the IJ and the BIA for substantial evidence. See Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989); Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir. 1987). Substantial evidence is evidence that a reasonable person might accept as adequate to support a conclusion. See Turcios, 821 F.2d at 1398. A reviewing court gives credibility determinations substantial deference provided they are supported by "specific, cogent reason[s]" for the disbelief. Figeroa, 886 F.2d at 78 (quoting Turcios, 821 F.2d at 1399).

4

We find that the BIA noted sufficient specific and cogent reasons to uphold the credibility finding of the IJ: Mamo's testimony was inconsistent from her asylum application; she omitted information about her alleged EPRP membership and political activities, central to her asylum claim, from the asylum application; she understood little about the EPRP; and she had no documentary or other evidence regarding her EPRP membership or political activities. The determination is entitled to substantial deference. As a result, we find that the BIA's conclusion that Mamo failed to present reliable evidence sufficient to establish eligibility for asylum is supported by substantial evidence.

The standard for withholding of deportation is more stringent than that for granting asylum. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987). Because Mamo failed to show entitlement to asylum, she cannot meet the higher standard for withholding deportation.

Finding no error to the BIA's decision, we deny Mamo's petition for review.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

_____

*Mamo asserts for the first time on appeal to this court that she was denied her due process right to a fair hearing before the IJ, because the IJ "made up her mind" before Mamo testified. Even assuming that this claim has not been waived by Mamo's failure to raise it before the BIA, see Farrokhi v. INS, 900 F.2d 697, 700-01 (4th Cir. 1990), Mamo's claim is demonstrably without merit. The record shows that the IJ fully considered Mamo's hearing testimony.

5