**CHUANG JIANG HE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–70612.**
**I & NS No. A76–279–695.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2001 *.

Decided July 3, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before LAY,** TROTT and BERZON, Circuit Judges.

### MEMORANDUM ***

This is an appeal from a final order of removal issued by the Board of Immigration Appeals ("BIA"). We find sufficient evidence in the record to support the BIA's decision to deny asylum and withholding of removal in this case and therefore affirm.

### I.

The parties are familiar with the factual and procedural history of this case. We set it forth only as necessary to support our decision.

---

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

It is the applicant's burden to prove his or her eligibility for asylum. *See* 8 C.F.R. § 208.13(a) (2001). To meet the burden, the applicant must show that he or she is a "refugee" under the Immigration and Naturalization Act ("INA"). *See* INA § 101(a)(42), 8 U.S.C. § 1101(a)(42) (1999). A refugee is a person who is unwilling or unable to return to his or her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* The applicant must show that his or her fear of persecution is both subjectively genuine and objectively reasonable. *See Blanco–Comarribas v. Immigration & Naturalization Serv.*, 830 F.2d 1039, 1042 (9th Cir.1987) (citation omitted).

He's claim for asylum is based on his claim that his wife was forced by Chinese authorities to undergo a sterilization procedure.[1] According to the BIA's decision in *Matter of C–Y–Z*, an alien whose spouse was forced to undergo an abortion or sterilization procedure can establish eligibility for asylum based upon past persecution on account of political opinion. 21 I. & N. Dec. 915 (BIA 1997).

An Immigration Judge ("IJ") denied He's application for asylum. He's subsequent appeal was dismissed by the BIA. The BIA acknowledged that an applicant for asylum can meet his or her burden by his or her testimony alone where such testimony "is believable, consistent, and sufficiently detailed to provide a plausible and coherent account of the basis of the alien's alleged fear." However, the BIA found that He's testimony was "not so

---

1. An individual who has been involuntarily forced to undergo mandatory abortion or sterilization, or who has been persecuted for failure or refusal to undergo such a procedure "shall be deemed to have been persecuted on account of political opinion." INA § 101(a)(42)(B), 8 U.S.C. § 1101(a)(42)(B).

 

specific, detailed, or even plausible as to obviate the need for documentary evidence to buttress his applications" for asylum and withholding of removal. The BIA cited three reasons for its conclusion: (1) the sterilization of He's wife, after bearing only one child, appeared atypical for population control standards in China; (2) He was not responsive as to establishing a time line regarding his younger years in China; and (3) He failed to provide sufficient details concerning his wife's sterilization.

## II.

Where the BIA conducts an independent review of the IJ's findings, as it did in this case, this court reviews the BIA's decision and not that of the IJ. *See Sidhu v. Immigration & Naturalization Serv.,* 220 F.3d 1085, 1088 (9th Cir.2000). This court will affirm where substantial evidence on the record as a whole supports the BIA's decision. *See Immigration & Naturalization Serv. v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B) (1999).

The BIA's findings in this case are supported by substantial evidence on the record as a whole and comport with our recent holding in *Ladha v. Immigration & Naturalization Serv.,* 215 F.3d 889, 901 (9th Cir.2000) ("[A]n alien's testimony, if unrefuted and credible, direct and specific, is sufficient to establish the facts testified without the need for any corroboration."). As the BIA noted, the forced sterilization of He's wife after her first child appeared atypical for population control standards in China. Moreover, He lived in China with-

out incident for eleven years after the sterilization took place. This fact alone severely undercuts the veracity of his story. Other shortcomings in He's testimony further defeat his claim. He was unresponsive to questions aimed at establishing a time line regarding his younger years in China. When asked to provide additional details regarding his wife's sterilization, He merely reiterated the same general statements he had already proffered. When these evidentiary shortcomings are viewed as a whole, we find that He's case simply was not convincing and persuasive enough to carry his burden. We cannot say that a reasonable fact finder would be compelled to find that He was persecuted in the past or that he has the requisite fear of persecution if he returned to China.

For these reasons, we find that He did not demonstrate his eligibility for asylum. Accordingly, his petition is DENIED and the decision of the BIA is AFFIRMED.